SAVOY, Judge.
This is an action in tort instituted by plaintiffs, husband and wife, against Emile Joseph, d/b/a Joseph’s Men’s and Boy’s Wear, and his insurer, The Hanover Insurance Company, resulting from an accident which occurred in the premises of the Joseph store on the afternoon of May 16, 1966, wherein Mrs. Myrtle Swift Atwood,, one of the plaintiffs, fell and as a result of said fall suffered a fractured wrist.
After a trial on the merits, the district judge absolved Joseph of any liability and dismissed plaintiffs’ suit. They appealed to this Court.
Mrs. Atwood testified that on the afternoon of May 16, 1966, she entered the Joseph store for the purpose of buying a graduation gift. The store was located on the corner of Parkerson Avenue and Fourth Street in the City of Crowley, Louisiana. The front of the store faced in an easterly direction. As she entered the store on Parkerson Avenue, she went to the north wall of the establishment and selected a shirt. The saleslady who waited on her was Mrs. Ruby LeBleu. After the purchase was consummated, Mrs. Atwood and Mrs. LeBleu walked to the wrapping counter which was in the rear of the store approximately in the middle of said establishment and in the western part of said store.
As Mrs. LeBleu was wrapping the gift, Mrs. Atwood was facing her in a westerly direction. After the package was handed to Mrs. Atwood, she turned to her left or in a southerly direction, and as she did, she struck a display counter, fell to the floor and suffered the injuries complained of in this suit.
This Court will try to describe the physical interior of the store on the date of the accident.
After reviewing the testimony of all of the witnesses in this case, we were impressed by that of Mr. Karl M. King, manager of Joseph’s, as to the physical makeup of the interior of the store.
Mr. King testified that the display rack which Mrs. Atwood struck consisted of two tiers or shelves. The bottom tier was two or three feet square and was off the floor about six inches. It was built like a kitchen cabinet with a “kickboard” under it, where one can place his feet underneath. The second tier was about two feet square and about twelve to eighteen inches from the floor. The display counter was in a square built around a post that supported the building. Further east, there was a similar display rack, and to the east a third post without any display rack. These posts were approximately in the center of the store. The wrapping counter was west of the display counter where Mrs. Atwood was injured, and there was a distance of about three feet between the wrapping counter and the display counter involved in the accident. The display rack contained shoes at the time of the accident. The wrapping counter was in its present location for six to eight months prior to the accident. The display counter was built in the form of a square and was parallel to the wrapping counter.
*204 Karl testified that display counters were in the center of the store, and they were spaced approximately every three or four feet. There were two aisles on each side of the counters which were five to six feet in width.
King- also testified that on May 16, 1966, the floors were not slippery, and the lighting in the store was adequate.
The record also reveals that the cash register was on the wrapping counter, and there was an overhead light above the wrapping counter. Mrs. Atwood admitted that in traveling from the shirt counter to the wrapping counter she had to walk past the display rack.
Counsel for appellants in oral argument and in brief contends that the defendant store owner was negligent in:
1. Allowing the dangerously constructed display rack to be in the store; and in
2. Placing the display rack only a few feet from the wrapping counter so that one would have to walk around it. That said display rack created an obstruction to the free movement of patrons in the store.
Counsel for the defendants contends that the premises were not dangerous to an ordinary prudent person who was using reasonable care in proceeding about the store. Also, that the store owner is only under a duty to keep his premises in a safe condition free from hidden dangers and traps which are not known to the invitee and which would not be observed by him in the exercise of reasonable care.
We agree with the district judge that defendant store owner was not negligent in the instant case.
Mrs. Atwood had been in the store on several occasions prior to the accident. The floor of the store was in good condition. The lighting was adequate. Mrs. Atwood had seen the display counter as she came from the north side of the store to the wrapping counter. We are of the opinion that the cause of the accident was her failure to keep a proper lookout as she made her turn in attempting to leave the store.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.